# THE OHIO & MISSISSIPPI RAILWAY COMPANY
## V.
## THE PEOPLE EX REL., ETC.

*Railroads*—Mandamus—*Petition for, to Compel Company to Build Sewer—Construction of Ordinance Granting Right of Way—Pleading.*

Upon a petition for *mandamus* to compel a railroad company to build a sewer in accordance with the requirements of a city ordinance, this court holds that the allegations that the sewer was necessary to the proper drainage of the street in which it was to be built, and for the proper grading thereof, were essential under the terms of the original ordinances granting the right of way, by virtue of which it was sought to compel defendant to

build the sewer, and therefore, that a denial of these allegations by answer, raised a question of fact necessary to be determined, and that the demurrer to the answer should have been overruled.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of Sangamon County; the Hon. J. A. CREIGHTON, Judge, presiding.

Messrs. LAWRENCE MAXWELL, JR., J. H. MATHENY, JR., POLLARD & WERNER and RAMSEY, MAXWELL & RAMSEY, for appellant.

Messrs. PATTON & HAMILTON and TIMOTHY McGRATH, for appellee.

WALL, J.    This was a proceeding by *mandamus* to compel the appellant to make certain improvements in Salome avenue in the city of Springfield. The appellant demurred to the petition, but the demurrer was overruled and then an answer was filed to which the relator demurred. The latter demurrer was sustained, and the appellant not answering further, a judgment was entered according to the prayer of the petition, from which judgment an appeal is prosecuted to this court by the railroad company.

On the 5th of March, 1869, the city passed an ordinance granting to the Pana, Springfield & Northwestern Railroad Company the right of way upon any street or avenue of the city upon the following condition:

" That said company shall so grade, level and bridge said street or avenue, on both sides of their track, as to be at all times conveniently passable for teams or carriages, with convenient access to and from the same, as well as on both sides of each street and alley crossing said track.

" The said company shall make, construct and at all times keep in repair, sufficient and suitable crossings for foot passengers, culverts, ditches and whatever else shall be needful for the complete and convenient passage, use and drainage of said street or avenue." Various other provisions of the ordinance need not be noticed.

On the 7th of July, 1870, an ordinance was passed granting the right of way to the Springfield & Illinois Southeastern Railroad Company, with which the Pana, Springfield & Northwestern Railroad Company had been consolidated, on Madison street east from Third street, and upon Salome avenue, subject to all the requirements contained and prescribed in the said ordinance of March 5, 1869.

The appellant company became the owner of the railway of the last named consolidated company, with all the rights and privileges of the said company, including the track and right of way on Salome avenue, about February 1, 1875, and has ever since operated the said property. On the 8th of August, 1887, the city passed an ordinance requiring the building of a sewer along the west line of said avenue according to certain specifications set out in the ordinance. The petition averred that the building of the sewer was necessary for the drainage of said avenue, and that without the building of said sewer said avenue can not be conveniently passed over and used, and that said avenue then was wholly impassable on one side of the railroad track on account of not being drained, leveled and graded. The last named ordinance further provided:

"Sec. 3. After the laying of said sewer, as above provided, the street shall be graded and filled so as to allow teams and carriages to conveniently pass along the avenue on either side of the track.

"Sec. 4. All said work of laying said sewer and grading said street shall be done by the Ohio & Mississippi Railway Company, and all materials therefor shall be furnished by said railway company."

"The said Ohio & Mississippi Railway Company shall begin the work within thirty days after the passage of this ordinance, and shall prosecute the work to completion as speedily as consistent with good workmanship."

The petition averred that the railroad company had refused, after notice and demand, to make said improvement, and it prayed for a peremptory *mandamus* to compel compliance with said ordinance. The answer averred—

"1. That at and before the time said railroad track was laid in said Salome avenue, a natural watercourse or ravine, commonly known as the Town Branch, being about twenty-five feet in width, and descending by precipitous embankments to a depth of from ten to fifteen feet, ran along the extreme west side of said avenue, and that the only place for travel was by a road in the middle of the eastern side of said avenue. There was no access from the east side of said avenue, across said ravine, to the property abutting on the west side of said avenue. All of said property was and still is unimproved and is occupied only for pasturage. And there was and is no way of passing from the east to the west side of said ravine, except over the streets which cross and intersect said Salome avenue, at which point said ravine passes under said intersecting streets through culverts. Said large main sewer, commonly known as the Town Branch, mentioned in the petition, emptied and discharged into said ravine, at the intersection of Mason street with Salome avenue, and the sewage coming from said main sewer was carried thence along and in said ravine to a point beyond the city limits. Said railroad track is laid along the east edge of said ravine. It occupies about nine feet in width, including ties and all other structures, and does not touch or come at any point within twenty feet or more of the customary and only place of travel on said avenue, which is, as alleged in the petition, along the middle of the eastern side of said avenue. Said railroad track is on grade with said roadway in said avenue, and in no way interferes with, or affects the same, or the use thereof for travel."

"Said avenue is, and ever since the defendant has occupied it has been, perfectly and completely drained. The sewer referred to in said ordinance of August, 1887, can not be used, and is not intended to be used for the drainage of said Salome avenue, but is simply an extension of said main sewer, which, at the time of the laying of said track, and now, empties into said ravine at Mason street and Salome avenue. Said proposed sewer is without openings or provisions for the local drainage of Salome avenue. The work required by said ordinance, of this defendant, would cost about $20,000."

"It is in no wise made necessary by the defendant's track or use of said avenue, but is simply an attempt on the part of the petitioner to require this defendant to transform said ravine into a walled sewer, and thereupon to build a street over the same. And the defendant submits that such is not the true construction and intent of said original ordinances, and that the defendant is under no obligation, by virtue of said original ordinances or otherwise, to comply with said ordinance of August, 1887. The defendant denies that said avenue is impassable, or that the use of the same for travel is in any way affected, either by the defendant's track or by the defendant's use thereof. There are no buildings abutting on either side of said avenue, and the condition of said avenue, with respect to drainage and roadway, for travel, is the same, or better now than it was before said track was laid."

"2. For further answer the defendant says that if such, as claimed by petitioner, be the true meaning and effect of said ordinance, then the obligation in that behalf imposed by said ordinance, was completely broken by said Springfield and Illinois Southeastern Railway Company long before the defendant acquired any interest in or title to said railway, which title was acquired by mesne conveyances through a sale of said railway at foreclosure, in 1875; whereas, said Springfield and Illinois Southeastern Railway Company had laid said track in said avenue in 1870, and used and occupied the same continuously thenceforth for more than five years before the defendant acquired said railway. And said obligation did not pass to and devolve upon this defendant."

"3. For further defense the defendant says that if such, as claimed by the petitioner, be the true construction and effect of said original ordinances, then the obligation to build said sewer, as insisted upon in said ordinance of August, 1887, accrued more than seventeen years before the commencement of this suit, and is barred by *laches* and by the statute of limitations. Wherefore this defendant prays to be dismissed hence with its costs."

Assuming, without deciding, that on the case presented by the petition *mandamus* is the proper remedy, and that the

requirements of the original ordinances, granting the right of way, are binding upon the appellant as the successor of the companies named in those ordinances, and that the duty thereby imposed is a continuing one to be enforced whenever it may become necessary, the only question we propose now to consider is, whether the answer shows such a state of facts as to bar the relief sought by the petition. The averment of the petition important to be observed in this connection is, that such sewer is necessary, first, for the proper drainage of the street, and second, for the proper grading thereof, in order to render the same passable for teams and carriages. This averment was essential, since by the terms of the original ordinance it is apparent that the company, using the street for railroad purposes, was required to do no more than was, or should become "needful for the complete and convenient passage, use and drainage of said street and avenue." Such, indeed, is the express language of the ordinance; but the condition here expressed would be a legal inference, had these words been omitted. In view of the provisions of the original ordinance, as well as of the second ordinance granting the right of way to the consolidated company, it would be unreasonable to require the making of an improvement not necessary for the drainage or use of the street.

Therefore the averment of the petition in this respect was proper and requisite, and if so, the answer properly met the averment by setting up such a state of facts as would demonstrate that the demanded improvement was not necessary for either the drainage of the street or for convenient passage over the same. It can not be that under pretense of draining this street the railway company may be compelled to make a sewer wholly unnecessary for the drainage of the particular street, and useful only to drain and carry away the entire sewage of the city at large. And if the facts set forth in the answer are true, there is no occasion to convert so much of the street as is occupied by the Town Branch into a roadway, in order to afford a convenient passage for teams and carriages along said Salome avenue.

Whether the demanded improvement is needful for the

drainage of the avenue or for convenient passage thereon is a question of fact, but when the answer denies such need-fu'ness it interposes a complete defense to the petition. It follows that it was error to sustain the demurrer to the answer and the judgment will therefore be reversed and the cause remanded.

*Reversed and remanded.*