# School Directors of School District No. 4 v. The People of the State of Illinois ex rel.

1. MANDAMUS—*Practice in.*—The statute provides that upon the filing of a petition for a mandamus, the clerk shall issue a summons, and that every defendant who shall be served with summons shall be held to show cause by answer to the petition, and that the petitioner may plead to or traverse all or any of the material facts contained in the answer.

2. SAME—*What Answer to Petition May Set Up.*—The answer may set up any number of defenses, either by denial, or in the nature of confession and avoidance, and if any one of these is sufficient, a general demurrer to the whole answer should not be sustained. and a peremptory writ granted. The petitioner in such case is not entitled to final judgment because one or more of the defenses set up in the answer may be held invalid, so long as there remains one valid defense.

3. SAME—*What is Raised by Denial in Answer.*—A denial of any material allegation of the petition. by answer, raises a question of fact necessary to be determined, and calls for proof.

Mandamus.—Appeal from the Circuit Court of Perry County; the the Hon. WILLIAM HARTZELL, Judge presiding. Heard in this court at the August term, 1902. Reversed and remanded. Opinion filed March 2, 1903.

I. R. SPILMAN and BENJAMIN W. POPE, attorneys for appellants.

. JOHN BOYD, attorney for appellee.

MR. JUSTICE CREIGHTON delivered the opinion of the court.

This was a petition for mandamus, in the Circuit Court of Perry County, by appellee against appellants, praying an order of the court directing appellants to pay to the relator the sum of $535, claimed by relator to be due him as the contract price for the erection of a school house.

The petition alleges: That at an election held in said school district, on February 6, 1897, a majority of the legal voters voted to build a new school house and to issue bonds not to exceed $650 for that purpose; that in pursuance of said vote the directors entered into a contract with relator to build such house and agreed to pay him therefor the

sum of $535; that relator was ready and willing to perform his part of said contract, but by reason of litigation instituted by private parties, he was delayed in commencing; that on the 6th day of November, 1899, in a proceeding for mandamus to which relator and appellants were parties defendant, the court ordered that appellants authorize and permit relator to build said house in accordance with said contract, and that upon completion appellants should pay him the sum specified; that thereupon relator erected and completed the house in accordance with said contract and order of court, and after the same was completed demanded payment, which appellants refused to make; that appellants before that time had issued and sold to the bank of Murphy, Wall & Co., the bonds voted, to the amount of $600, and had the proceeds thereof standing to their credit and subject to their call.

To this petition appellants filed a lengthy answer, containing much irrelevant matter and presenting some immaterial issues, but among other things the answer contained the following:

"These defendants deny that the said Carson built and completed said school house * * * in accordance with the said contract in said petition mentioned." And the following: "These defendants allege that * * * at all times when the relator claims to have demanded payment * * * from defendants, * * * there has been no money in the hands of the township treasurer of said school township, nor any funds or money in their hands out of which they could have paid for said school house, or upon or against which they could have drawn their warrant or warrants therefor; and these defendants deny that they or their predecessors in office ever issued or sold any school bonds to the bank of Murphy, Wall & Co., or that the said bank * * * had * * * the said sum of money or any sum or sums of money * * * subject to their call."

To this answer a demurrer was sustained, and appellants elected to stand by their answer. The court thereupon took the petition as confessed and rendered final judgment, as follows:

"It is therefore ordered, adjudged and decreed by the court here, that the said board of school directors of said district, or their successors in office, do at once pay to the said relator, S. H. Carson, the said sum of five hundred and thirty-five dollars, and that he have his peremptory writ of mandamus issuing out of and under the seal of said court, directed to the sheriff of said county for the enforcement of said order and decree, and the said school directors fail not to perform at their peril."

The answer raises two material issues of fact. It denies two material allegations of the petition. It is alleged in the petition that relator had completed his contract according to the terms thereof. This is a material allegation, and is denied in the answer. It is alleged in the petition that appellants had funds under their control with which they could make payment to relator. This is also a material allegation, and is denied in the answer. The denial of these material allegations raises issues of fact which call for proof.

The court treated the demurrer as a general demurrer—sustained it as to the whole answer—held the answer wholly insufficient to call for replication, or to put petitioner to proof of any allegation in the petition. In this the court erred. The statute provides that "upon the filing of a petition for a mandamus, the clerk shall issue a summons, and that every defendant who shall be served with summons shall be held to show cause by answer to the petition,     *    *    *    and that the petitioner may plead to or traverse all or any of the material facts contained in the answer."

The answer may set up any number of defenses, either by denial, or in the nature of confession and avoidance, and if any one of these is sufficient, a general demurrer to the whole answer should not be sustained, and a peremptory writ granted. The petitioner in such case is not entitled to final judgment because one or more of the defenses set up in the answer may be held invalid, so long as there remains one valid defense. Ency. of Pleading and Practice, Vol. 13, pp. 778, 779. A denial of any material allegation of the

petition, by answer, raises a question of fact necessary to be determined—calls for proof.   Ohio & M. Ry. Co. v. The People ex rel., 32 Ill. App. 69.

The judgment of the Circuit Court is reversed and the case remanded.